[No. 293.   Decided November 10, 1891.]

| 3 | 73 |
| 33 | 532 |

JOHN H. ROURK, *Respondent*, v. F. C. MILLER, *Appellant.*

PLEADING—ANSWER—JUDGMENT ON PLEADINGS.

Although an answer to a complaint may be defective, if it can be gathered therefrom that an issue is tendered by the pleading upon a material matter, it is error to render judgment on the pleadings in favor of plaintiff.

Where a complaint alleges that by the contract sued on payment was to be made on a certain date, but it nowhere appears that the work was to be done and the material furnished on or before that date by the terms of the contract, the denial in the answer of the completion of the work is not material, unless coupled with some allegation that the payment of the contract price depended or was contingent thereon.

*Appeal from Superior Court, Pierce County.*

Action by John H. Rourk against F. C. Miller to foreclose a mechanic's lien. Judgment for plaintiff, and defendant appeals.

*A. A. Knight*, for appellant.

*Town & Likens*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—It appears by the findings of fact that "this cause came on regularly for trial on the 14th day of January, 1891."

"When the case was called, the plaintiff's counsel made a motion for judgment upon the pleadings, except as to the counter-claim of twenty-five dollars, referred to in the defendant's answer. Arguments were made by the attorneys of the respective parties for and against the motion. Previous to the announcement of the decision of the court upon the motion, defendant's counsel applied for permission to amend his answer, which application of the defendant was denied, and the motion of the plaintiff was granted."

An exception was taken. Testimony was introduced upon the issue formed by the answer and reply as to the counter-claim. The court found thereon that the defendant was entitled to an offset against the plaintiff of $14.60, which he deducted from the amount stated to be due the plaintiff in the complaint, and rendered judgment in his favor for $160.40—the balance. It was error to thus render judgment for the plaintiff upon the pleadings. The first and second paragraphs of the complaint are as follows:

"*First:* That on or about the 1st day of October, 1888, at Tacoma, Pierce county, Washington Territory, the above named plaintiff entered into an oral agreement and contract with F. C. Miller, the above named defendant, whereby the said plaintiff was to do certain carpenter work upon, and furnish certain material to be used in the construction of, a certain building upon the lands hereinafter described; and the said defendant, F. C. Miller, promised and agreed to pay to the plaintiff therefor the full sum of five hundred and fifty dollars ($550) on or before the 15th day of March, 1889.

"*Second:* The plaintiff further alleges that he did and performed the work and labor upon the said building, and furnished the material to be used in the construction of the said building, between the 1st day of October, 1888, and the 15th day of March, 1889, both days inclusive; and that he kept and performed the said agreement in all things to be kept and performed by him; but the said defendant has not paid the said sum of $550, or any part thereof, except the sum of $375, and there is now due and owing from the said defendant, F. C. Miller, to this plaintiff, on said contract, the same of $175, and interest thereon from the 1st day of October, 1888."

The remainder of the complaint related to the lien claimed. The material parts of the defendant's answer to be considered are as follows:

"As regards the first paragraph in plaintiff's petition, the defendant denies that he entered into the agreement with the plaintiff on the terns and conditions therein stated.

As regards the second paragraph in the plaintiff's petition, defendant admits that the plaintiff performed work and labor upon the building referred to, and furnished materials used in its construction, but he says the work was not completed in a good, workmanlike manner; that the same was not completed within the time agreed upon between the plaintiff and defendant; and that the plaintiff has not yet completed the work which he agreed to put into said building, or furnish the material which he agreed to furnish in said building, and as a consequence of plaintiff's failure so to do, said building is still uncompleted and unfinished. The defendant further says that the contract price between the defendant and plaintiff was $450, and not $550, as stated in said second paragraph."

The remainder of the answer related to the lien set up in the complaint and to the defendant's counter-claim. The answer was defective and could not have stood against a motion to strike; but as against a motion for judgment on the pleadings it is entitled to be more liberally construed, and, if it can be gathered therefrom that an issue is tendered by the pleading upon a material matter, the moving party should not prevail. The statement that the contract price was $450, and not $550, although it is directed to the second paragraph of the complaint by its reference thereto, while the contract is set up in the first paragraph and only alluded to in the second, should have been construed upon the trial as amounting to a denial that the contract price exceeded the sum of $450, and given the effect of reducing the plaintiff's claim $100 as against this motion. A denial of indebtedness in the specific sum claimed we have held to be an admission of any lesser amount, but the reason in this is to prevent evasive denials. If such a denial was to be given the effect of a denial of any indebtedness, a party could truthfully literally deny owing the specific sum claimed, and raise an issue as to owing any sum, when in fact he might be indebted upon the cause of action up to

within a trifle of the sum claimed, and which he would not deny where pleadings are required to be verified especially. But the answer here goes further. The intention is apparent to deny that the contract price exceeded $450; and, while defective in form, it ought to have been held good for this purpose, in the way it was attacked. There is no evasion, and the plaintiff is fairly notified of the intention to tender this issue, and as the complaint admitted the payment of $375, it had the effect of reducing the plaintiff's claim to the difference between the two sums.

The answer also denies the completion of the work, and the furnishing of all the material, but this is not made material by any allegation that the payment of the contract price depended or was contingent upon either of these matters. The defendant may have agreed to make the payment in advance of the completion of the work, etc. The complaint alleges that by the contract the payment was to be made on March 15, 1889, but it nowhere appears that the work was to be done and materials furnished on or before that date by the terms of the contract.

Judgment reversed, and cause remanded for further proceedings.

ANDERS, C. J., and DUNBAR, HOYT and STILES, JJ., concur.