MARGARET W. DORSEY, Appellant, v. ANDREW BANKS, and R. S. CULBRETH, Intervenor, Appellees.

1. **Trusts**: SALE OF LAND BY TRUSTEE UNDER WILL: NOTICE TO CESTUI QUE TRUST: ATTACHMENT. ˙ The defendant being the holder of the legal title to certain lands for himself and as trustee for the plaintiff and one G., contrary to the order of the court having jurisdiction of the trust estate, without notice to the *cestui que trust*, made a written contract of sale for said land, whereby he undertook, individually, to convey a full title thereto. Thereafter the defendant executed a deed to the land on behalf of himself and as trustee, and on the same day made an assignment of all money due or to become due to him from the grantee of said land; but before the delivery of said deed the defendant's interest in said land was attached, and said grantee garnished as a debtor of the defendant. Subsequently the defendant made report of said sale as trustee, giving notice to the *cestui que trust*, and the sale was approved by the court. ˙ *Held*, that the sale was valid as against the attachment.

2. ———: ———: RECORDING OF FOREIGN WILL. Said sale was not invalid, so far as the defendant's interest was concerned, although the will under which the trustee was acting was first probated in a foreign state, and was not recorded in the county where the land lay until after the sale, contrary to chapter 162 of Acts of the Eighteenth General Assembly.

3. Garnishment: PRIOR ASSIGNMENT: RECORDING LAWS. On the day when the deed to said property was executed, the defendant made an assignment of all money due, or to become due, to him from the grantee. The land having been attached before the delivery of the deed, the money to be paid and the notes and mortgages to be given by the grantee, under the contract of sale, were delivered to R., as the agent of the defendant, to be held by him pending proceedings under the attachment, and thereafter R. was garnished under said attachment, the attaching creditor having neither actual nor constructive notice of the assignment. *Held*, that the assignment was good as against the garnishment of R., and that the defendant never having had actual possession of the money and notes in question, the provisions of section 1923 of the Code that, no sale of personal property, where the vendor retains actual possession, is valid as against creditors without either actual or constructive notice, did not apply.

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

FRIDAY, MAY 26, 1893.

ACTION at law, aided by attachment, to recover the amount of a judgment rendered in Maryland. Richard S. Culbreth intervened, claiming an interest in the attached property. There was a trial by jury, and a verdict and judgment in favor of the plaintiff for eighteen thousand, two hundred and thirty dollars and fifteen cents and costs, and in favor of the intervenor as to the attached property. The plaintiff appeals. *Affirmed.*

*Schmucker & Whitelock* and *Pitts & Kessey*, for appellant.

*Haines & Tiffany*, *Richard S. Culbreth*, and *Kauffman & Guernsey*, for appellees.

ROBINSON, C. J.—The judgment upon which this action is brought was recovered by the plaintiff against the defendant, Andrew Banks, in the circuit court of Howard county, Maryland, on the fifth day of Septem-

ber, 1889. This action was commenced on the seventh day of the same month, and on the same day the writ of attachment was issued, and levied upon the south half of section 11, in township 95, north of range 46, west, in Sioux county. On the ninth day of the month named, W. H. Siemen was garnished under the writ, and, on the thirteenth day of the same month, William Rieckhoff was also garnished. The plaintiff, the defendant, and the intervenor are nonresidents of this state.

The answer alleges that on the twenty-seventh day of August, 1889, the defendant was the owner in fee simple of an undivided one-third of the land attached, and that he held the undivided two-thirds as trustee for the benefit of the plaintiff and Annie W. Goodwin, under the provisions of the will of Daniel B. Banks, deceased, all of which was known to the plaintiff before the attachment in this case issued; that on the day last named he entered into an agreement in writing with Siemen for the sale of the land, and that immediately thereafter Siemen entered into the actual possession of it; and has continued to occupy it since that time; that before the fifth day of September, 1889, the defendant sold and assigned his interest in the proceeds of the sale of the land to the intervenor. The petition of intervention alleges that the intervenor is the owner of the proceeds of the sale of the defendant's interest in the land.

The plaintiff admits that the defendant held an undivided two-thirds of the land as trustee, as claimed, and that Siemen has been in possession of the land since the date of the alleged sale, but denies that he was in possession in consequence and by virtue of the sale, and alleges that he was in possession as the tenant of the defendant. She denies that she had notice of the alleged change of possession before the attachment was levied, and insists that the defendant had an attachable interest in the land when the levy was made.

I.   Among the facts admitted in this case, or proved without conflict in the evidence, are the follow-

1. TRUSTS: sale of land by trustee under will: notice to cestui que trust: attachment.

ing:   The land in question was owned by Daniel B. Banks, of Baltimore, Maryland, now deceased, and was devised by him to the defendant; an undivided one-third to be held by him in his own right, and the remainder to be held in trust for the plaintiff and Annie W. Goodwin in equal shares.   The will of the decedent was probated in Maryland on a date not shown, but was not probated in Iowa until the twenty-fifth day of November, 1889.   In April, 1888, the circuit court of Baltimore City, Maryland, having jurisdiction of the estate of the decedent, ordered "that hereafter, before making any sales or other disposition of the trust property, the trustee give written notice, and an opportunity to be heard in reference thereto, to the solicitors for the *cestui que trust.*"   On the twenty-seventh day of August, 1889, the defendant, without having given the notice and opportunity to be heard contemplated by the order of the court, entered into an agreement in writing for the sale of the land, of which the following is a copy:

"This agreement witnesseth that Andrew Banks has this day sold to W. Henry Siemen the south half of section eleven, township ninety-five, range forty-six, west of the fifth principal meridian, in Sioux county, Iowa, for eight thousand dollars, as follows:   Two thousand dollars cash when deed is delivered, and six thousand dollars due as follows:   Five years from September 1, 1889, provided six months' notice is given; interest seven per cent. annually from November 1, 1889, each year.   Said Banks is to give warranty deed, and all necessary papers, so that title is vested in him absolute, and all expense of perfecting title is to be paid for by said Banks.   The taxes of year 1889 and thereafter are to be paid by Siemen.   If either party to this agreement fail to comply strictly with the above provisions,.

the party so forfeiting shall pay to the other party five hundred dollars in cash, and any court of record shall have power to enter up such judgment.

[Signed.]                    "ANDREW BANKS,
                             "W. HENRY SEIMEN."

On the fourth day of September, 1889, the defendant, as trustee, and in his own right, and his wife, executed to Sieman a deed for the land. On the seventeenth day of September, 1889, the defendant, as trustee, reported the sale to the circuit court of Baltimore city, service of the report having been acknowledged on that day by the solicitors of the plaintiff and Annie W. Goodwin, and the report was ratified and confirmed by the court on the nineteenth day of the next month. The deed was sent to the garnishee, William Rieckhoff, and received by him on the eleventh day of September, 1889, and was by him handed to Siemen, but immediately returned to be held until the title should be settled. At the same time, Siemen obtained from Rieckhoff a loan of two thousand dollars, and executed his notes and mortgages according to the contract of purchase. The two thousand dollars in cash, and a note for six hundred and sixty-six dollars and sixty-seven cents were designed for the payment of the amount due for the defendant's share of the land. A note for the remainder was made to the defendant as trustee. The money and papers were left with Rieckhoff, to be held until the attachment proceeding should be settled.

The evidence also tended to show that on the fourth day of September, 1889, the defendant assigned, in writing, all the money due and to become due to him from Siemen, to the intervenor. The consideration of the assignment was the agreement of the intervenor to pay a note which he had indorsed for the accommodation of the defendant, for the sum of three thousand

dollars, and which he has paid. These facts having been shown, the court charged the jury as follows:

"Paragraph 4. The court instructs you that the contract between Siemen and Banks, in the light of all the circumstances surrounding such transaction, together with the subsequent conduct of the parties thereto, was a valid contract of sale of the lands by Banks to Siemen on the twenty-seventh day of August, 1889, and that such land would not be subject to the writ of attachment levied thereon at the instance of the plaintiff."

The appellant contends that her rights were fixed on the seventh day of September, 1889, when her writ of attachment was served, and that they could not have been defeated nor affected by any subsequent acts of the defendant and the intervenor; therefore, that the court erred in giving the portion of the charge quoted. Among the reasons urged in support of this claim is that the contract of sale was not valid and binding; that a court of equity would not have enforced a specific performance of it; and, therefore, that there was not such a change in the character of the interest of the defendant in the land as would defeat the levy of the writ. It may be conceded that the contract was not of a character to be fully enforced by a court of equity. It was signed by the defendant individually, but not as trustee. It was not signed by his wife, and could not have been enforced against her. It was entered into without notice to the solicitors of the plaintiff and Annie W. Goodwin, contrary to the order of the court. But, notwithstanding all this, it does not follow that the plaintiff may take advantage of defenses which the purchaser could have made in an action brought to compel him to perform his part of it. It must not be forgotten that an undivided two-thirds of the land could not, in any event, have been appropriated to pay the judgment of the plaintiff, and that the attachment and

garnishment were ineffectual to create any lien upon such interest, or to impose any liability on account of the proceeds of its sale. The agreement to sell was made contrary to the order of court, it is true; but after it was made and reported, and due notice had been given to the parties in interest, the court ratified and confirmed it, and the irregularity was thereby waived. The agreement was not made in the name of the defendant, as trustee, but it could have been enforced as to an undivided one-third of the land, subject to the contingent rights of his wife, and created a valid obligation on his part to transfer to the purchaser a perfect title to the entire tract. It may be true that Siemen could not have been compelled to accept what the defendant could have been, by a court of equity, compelled to convey; but that did not affect the right of Siemen to demand and accept a conveyance made according to the agreement, and to carry it out on his part. The attachment was not effectual to transfer to the plaintiff any defense he may have had to the agreement, but his rights acquired by virtue of it, whatever they were, remained to him intact. He is willing to accept the conveyance tendered by the defendant, and the attachment confers no power to prevent such acceptance. As there was no conflict in the evidence in regard to the material facts, the court rightly instructed the jury that the sale was valid.

II. It is said that the agreement was contrary to chapter 162 of the Acts of the Eighteenth General Assembly, which provides that no convey-

2. ——: ——:
recording of
foreign will.

ance of land shall be made by an executor or trustee acting under a will first admitted to probate in another state until three months after the recording of a duly authenticated copy of the will, original record of appointment, qualification, and bond, unless bond was waived in the will, in the proper probate record of the county where the land is situated.

In this case, as already stated, the formal conveyance
was made September 4, 1889, but the will was not
recorded in Sioux county, until November 25, 1889.
This objection goes only to the trust estate, and not to
the undivided estate of the defendant. While it might
have authorized the purchaser to refuse the deed ten-
dered, yet that was a personal right which he could
waive. The defect in the proceedings did not necessa-
rily defeat the sale.

III. It is contended that, even if the sale be valid,
yet the plaintiff has acquired a right, by virtue of the

3. GARNISHMENT: garnishment proceedings, paramount to
prior assign- the interest of the intervenor in the pro-
ment: record-
ing laws. ceeds of the sale. This claim is founded
upon section 1923 of the Code, which is as follows:
"No sale or mortgage of personal property, where the
vendor or mortgagor retains actual possession thereof,
is valid against existing creditors or subsequent
purchasers without notice, unless a written instrument
conveying the same is executed, acknowledged like con-
veyances of real estate, and filed for record with the
recorder of the county where the holder of the property
resides." It is not shown that the plaintiff had actual
notice of the assignment by the defendant to the inter-
venor of the proceeds of the sale before the notices of
garnishment were served, and the assignment was not
recorded in Sioux county. The question presented is
whether Rieckhoff is liable for the money and note in
his hands, as the property of the defendant, notwith-
standing their assignment to the intervenor five days
before the notice of garnishment was served on Siemen,
and nine days before it was served on Rieckhoff. The
money and note were held by the latter until the attach-
ment should be discharged. He knew when he received
them that they had been appropriated by the defendant
to a specific purpose. He appears to have been made a
trustee to hold them until the parties in interest should

have ascertained their rights.    But it may be conceded,
for the purposes of this case, that he received them as
agent for the defendant.    Does section 1923 apply to a
case of this kind?    It refers to a sale or mortgage of
personal property when the vendor or mortgagor
"retains actual possession thereof."    The meaning of
the words "actual possession" was considered in *King
v. Wallace*, 78 Iowa, 222, and such possession was held
to exist where the mortgagor retains the property under
his immediate supervision and control, although he
employ others to aid in that control, and not to exist
where the mortgagor resided in one county, and the
property was in the immediate custody, and under the
control, of his agent in another county.    Under the
rule of that case, the defendant never had actual pos-
session of the money and note, and did not retain it
when the assignment was made.    Therefore the section
does not apply.

What we have said disposes of the controlling
questions in the case.    The evidence was sufficient to
support the judgment, and we discover no sufficient
reason for disturbing it.    AFFIRMED.