Vanderlip v. Barnes.

---

EDWARD A. VANDERLIP, APPELLANT, v. DURASTUS T. BARNES ET AL., APPELLEES.

FILED JULY 14, 1917. No. 19932.

1. **Set-Off.** It is universally held by all courts, at least by all courts in countries where the English language is used, that claims for damages for torts cannot be offset against promissory notes. The statute specifically provides what claims of a defendant against the plaintiff may be made the subject of set-off or counterclaim, and also makes plain what cross-demands shall compensate each other. A judgment may be set off against another judgment or against a claim upon contract.

2. **Assignments: CHOSE IN ACTION: RIGHTS TRANSFERRED.** The owner of an ordinary chose in action cannot sell and transfer a greater right therein than he himself has, but he can sell whatever interest he has therein, and, in the absence of fraud, the purchaser will take whatever right the seller had at the time of the sale, and the seller may afterwards formally transfer the right pursuant to his agreement.

3. **Fraudulent Conveyances: Transfers: Consideration.** When there is "no mutual fraudulent intent," any person, solvent or insolvent, may dispose of his property for a valuable consideration as he desires, and the consideration for the transfer may be future services which have been agreed upon between the parties.

4. **Attorney and Client: Judgment: Lien.** The lien of an attorney upon a judgment obtained by him is allowed and regulated by statute. In this case the attorneys did not comply with the statute, and have no attorneys' lien on the judgment. Under the evidence they are the owners of the judgment.

Appeal from the district court for Lancaster county: William H. Westover, Judge. *Affirmed.*

*T. J. Doyle,* for appellant.

*Reese, Reese & Stout, contra.*

Sedgwick, J.

The defendant Barnes obtained a judgment in the district court for Lancaster county against the plaintiff Vanderlip upon a promissory note given for money loaned. While that action was pending the plaintiff Vanderlip brought an action against the defendant Barnes in the district court for Lancaster county to recover damages for the alleged alienation of the affections of the wife of the plaintiff Vanderlip. In that action the plaintiff Vanderlip recovered a judgment for $5,000 damages, which was afterwards reduced to $3,000 and affirmed by this court. The plaintiff then began this action against the defendant Barnes and his attorneys, Strode & Beghtol, who claimed to be the owners of the judgment in favor of the defendant Barnes, and the sheriff of Lancaster county, Nebraska, to offset the one judgment against the other, and to restrain in the meantime the enforcement of the judgment in favor of Barnes; execution for that purpose then being in the hands of the sheriff. The trial resulted in a judgment for the defendants, from which the plaintiff Vanderlip has appealed. In the case at bar the defendants answered that, before the commencement of any of these proceedings, the note upon which Barnes recovered his judgment against Vanderlip was past due and unpaid.

The plaintiff contends that under the evidence in the case the court should have entered judgment for the plaintiff. He quotes in his brief what he alleges was the oral evidence in the case, as follows: Mr. Strode testified: "In a conversation with Barnes before being employed as attorney, Barnes stated that they (Vanderlips) were threatening to sue him for alienation of the affections of Vanderlip's wife. He had loaned Vanderlip some money; taken Vanderlip's promissory note. The note was due, and he knew that, if he started to collect the money, they would try to offset it, or pay it by this loss of affection, and he wanted advice as to what he should do, and particularly about the note. He stated that this note was about all he had to pay for our services in this litigation, not only in the matter of collecting the note, in his suit to collect it, but in the other litigation that was threatening at that time to break out in various spots, and he wanted to know if we would take that note or proceeds of the note for our compensation, as far as it would go, and, if our services were not worth the amount of the note, why, of course, we would account to him for the difference. Nobody knew just what scope or how far it would go at that time. We made that sort of an agreement with him, and brought suit on the note. Soon after the suit was brought on the note, Vanderlip sued Barnes for the loss of his wife's affection for $25,000. That case required a good deal of attention. Vanderlip got a judgment against Barnes for $5,000 in the case in district court. That was afterwards reduced to $3,000 in the supreme court." And from Mr. Beghtol's testimony he quotes as follows: "When he first talked with Barnes about the matter, Barnes did not have the note with him. He said the note was in the Bank of Hickman, and that the cashier of the bank had notified him that he must take the note up on his indorsement because Mr. Vanderlip refused to pay. And it was that thing, I think, which brought him up to us at the time which he came." A few days after the judgment was obtained by the plaintiff against Barnes, Strode & Beghtol

filed in the case what they styled "Notice of Attorneys' Lien," as follows: "Notice is hereby given that E. C. Strode and M. V. Beghtol have and claim a lien on the judgment recovered in this action and on the proceeds thereof in the amount of all the said judgment for attorneys' fees for the services of said parties by reason of an agreement between said E. C. Strode and M. V. Beghtol and D. T. Barnes." And soon afterwards they filed in the case an assignment by Barnes of the judgment which he obtained against Vanderlip, wherein he recited that for "services rendered" and services to be rendered by E. C. Strode and M. V. Beghtol he assigned to them "all of his right, title, and interest in and to" the judgment which he had obtained against Vanderlip, describing it.

We are required to determine whether this evidence will support the judgment entered. The paper denominated "Notice of Attorneys' Lien" was filed after the judgments were rendered. And the written assignment of the judgment was filed still later. From these facts plaintiff's brief derives the following: "(a) The right of set-off was complete at least eleven days before any notice of lien. (b) The attorney only has a lien for services rendered in the case in which lien is claimed. No lien was ever asserted for the value of those services alone. (c) The assignee has no greater right than the assignor. It follows as an inevitable sequence the right of set-off is not affected by the assignment."

The paper denominated "Notice of Attorneys' Lien" is not in fact a notice of lien under the statute, Rev. St. 1913, sec. 272, but is in reality a notice that the attorneys claim to own the judgment, not for services rendered in the case in which the judgment is obtained, but "by reason of an agreement." These defendants cannot claim the proceeds of this judgment by virtue of the statute which gives them a lien thereon. Their claim is based upon a purchase of the note upon which the judgment is obtained, so that the question really is whether they could make such purchase and obtain title in the face of the attempts that this plain-

tiff was making to offset his claim for tort against the note. It is universally held by all courts, at least by all courts in countries where the English language is used, that claims for damages for torts cannot be offset against promissory notes. It may be, and probably is, true that in some cases injustice follows from this universal rule, and it may be possible that some legislation is required to enable the courts to do justice in special cases. In our state, and in the other code states, the statute specifically provides what claims of a defendant against the plaintiff may be made the subject of set-off or counterclaim. "A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of the court." Rev. St. 1913, sec. 7676. "The counterclaim mentioned in the next preceding section must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action." Rev. St. 1913, sec. 7673. The statute also makes plain what cross-demands shall compensate each other, and limits it entirely to cases in which, "if one had brought an action against the other a counterclaim or set-off could have been set up." Rev. St. 1913, sec. 7678. Therefore, without further legislation, a defendant cannot set off damages in tort against a claim on contract, nor can he cause one of such claims to compensate the other. After his claim was reduced to judgment it might by the express provision of the statute be set off in satisfaction of the judgment against him, so far as the other judgment was at that time the property of the owner of the judgment against himself. It seems to follow that the question in this case is whether the judgment in favor of this defendant Barnes and against this plaintiff Vanderlip was the property of Barnes when this action was begun to offset the one judgment against the other.

101 Neb.—37

The plaintiff correctly says "that the assignee of a claim has no greater rights therein than the assignor;" that is, the owner of, an ordinary chose in action cannot sell and transfer a greater right therein than he himself has, but he can sell whatever interest he has therein, and, in the absence of fraud, the purchaser will take whatever right the seller had at the time of the sale, and the seller may afterwards formally transfer the right pursuant to his agreement. This court has decided that, when there is "no mutual fraudulent intent," any person, solvent or insolvent, may dispose of his property for a valuable consideration as he desires, and that the consideration for the transfer may be future services which have been agreed upon between the parties. *Farmers & Merchants Nat. Bank v. Mosher,* 63 Neb. 130.

In addition to the uncontradicted testimony which we have already quoted, there was undisputed evidence that the value of the services rendered by the assignees of this judgment under their contract with their assignor was about equal to the amount of the judgment. These services in pursuance to their contract were rendered before this action to make the one judgment compensate the other was begun. The decision therefore in *Farmers & Merchants Nat. Bank v. Mosher, supra,* is applicable and decisive of this case.

The judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., and LETTON and ROSE, JJ., not participating.