C. L. ROE, Appellant, v. KATE M. KING, Appellee.

No. 42170.

NOVEMBFR 21, 1933.

Helsell, McCall & Dolliver, and R. G. Remley, for appellant.

Burnstedt & Hemingway, for appellee.

KINDIG, J.—While the defendant-appellee, Kate M. King, was the owner of forty-five shares of stock in the State Bank of Blairsburg, that institution became insolvent and closed its doors. On June 5, 1928, L. A. Andrew, the superintendent of banking, was duly appointed receiver of the bank, as required by law, L. A. Andrew as such receiver, on November 19, 1929, obtained an order of court assessing the stockholders of the bank, including the appellee, one hundred per cent. As a part of the assessment, and

when the same was made, the district court entered judgment thereon against the appellee in favor of the superintendent of banking in the sum of $4,500. This judgment was entered in favor of the superintendent of banking as receiver of the aforesaid bank.

The superintendent of banking, as receiver, thereafter, on February 11, 1931, made application to the district court to sell the assets of the bank, including the aforesaid judgment. Accordingly, on February 17, 1931, the district court authorized the sale. Then, on March 5, 1931, in accordance with the previous order, the state superintendent of banking, as receiver, sold the remaining assets of the bank to the plaintiff-appellant, C. L. Roe. When thus purchasing the remaining assets of the bank, the appellant paid therefor $2,750; while the face value of the assets thus purchased amounted to more than $30,000.

Thereafter, and as a part of the sale, the superintendent of banking, as receiver of the bank, assigned to the appellant the stock assessment judgment against the appellee. Whereupon the appellant caused execution to issue on the judgment and levied on certain properties belonging to the appellee. Approximately $400 was realized by the appellant on this execution. Following the collection of the $400 by execution sale, the appellant, on February 24, 1932, commenced the present suit in equity to establish the balance due on the assigned judgment as a lien on certain real estate of the appellee claimed by her as a homestead.

In her answer to the petition in the equity suit, the appellee, among other things, pleaded: First, that the property in question is a homestead, and therefore not subject to the judgment; and, second, that in no event is the judgment enforceable in the hands of the appellant. The appellee's theory at this juncture is that the judgment on the stock assessment was for the benefit of the creditors of the bank only, and could only be enforced by the superintendent of banking, as receiver. Because the district court accepted the theory of the appellee, the appellant appeals.

I. On the one hand it is claimed by the appellant that the debt was incurred before the homestead character became fixed upon the real estate; while on the other hand, it is asserted by the appellee that she acquired the homestead before the debt was incurred. We find it unnecessary to discuss the conflicting claims of the parties concerning the liability of the homestead for the judgment. Our

discussion, therefore, is limited to the enforcibility of the judgment for the stock assessment when assigned to the appellant.

Sections 9251 to 9254, both inclusive, of the 1931 Code provide for the liability of stockholders in insolvent banks and for the distribution of the proceeds received from assessments therefor. It is provided in section 9254 of the 1931 Code that the stock assessment now under consideration " * * * shall be distributed equally among all the creditors of such corporation in proportion to the several sums due them." Andrew, Supt. of Banking, v. State Bank of Swea City, 214 Iowa 1339, 242 N. W. 62, 82 A. L. R. 1280.

"Such liability can only be enforced for the purpose of payment to creditors." Andrew, Supt., v. State Bank of Swea City, supra. In Andrew, Supt., v. State Bank of Swea City (214 Iowa 1339), supra, reading on page 1347, 242 N. W. 62, 65, 82 A. L. R. 1280, we said:

"The statutory liability created by section 9251 of the Code is not an 'asset' of the bank and cannot be sold as such under an order for the 'sale of assets.' * * * The enforcement of trust fund obligations of this character should be by the receiver. If, in his judgment, such a claim is questionable as to collectibility, it should be compromised, as by law provided, but it cannot become the basis of private speculation or oppression."

Thus it was definitely held in the Swea City Bank case that a claim based on the liability of a stockholder for a bank stock assessment is for the benefit of the creditors of the bank only and can be enforced by the receiver alone or one making the collection for the benefit of such creditors. This is true, as held in the Swea City Bank case, although the district court may have approved the sale and assignment of such claim. Because the Swea City Bank case has decided that an assignee of such claim cannot enforce the same, it is not necessary to here repeat the discussion. A reference to the Swea City Bank case (214 Iowa 1339, 242 N. W. 62, 82 A. L. R. 1280), supra, is sufficient.

But it is argued by the appellant that a different situation is involved in the present controversy. The difference arises, the appellant declares, because the claim for the stock assessment was first placed in judgment, and thereafter assigned. To put the thought differently, the appellant says that he purchased a judgment,

as distinguished from a mere claim for a stock assessment. Continuing his argument at this point, the appellant maintains that a judgment cannot be collaterally attacked. In the case at bar, as in the Swea City Bank case (214 Iowa 1339, 242 N. W. 62, 82 A. L. R. 1280), supra, the district court approved the assignment, but in the Swea City Bank case it was held that the court's approval of the assignment did not change the rights of the assignee in the claim assigned. So in the case at bar the authorization by the district court did not increase the rights of the appellant in the judgment. When receiving the judgment by assignment, the appellant took only that which the superintendent of banking, as receiver, could assign. Generally speaking, an assignee takes no greater or higher right than that of the assignor. Boyce v. Farmers Mutual Insurance Association, 209 Iowa 11, 227 N. W. 523.

What has just been said in relation to the general assignment, applies to the transfer of an ordinary judgment. Schultz v. Sylvester, 184 Iowa 859, 169 N. W. 179; Ballinger v. Tarbell, 16 Iowa 491, 85 Am. Dec. 527. "The assignee of an ordinary judgment stands, as a rule, in no better position than his assignor." Raymond v. Whitehouse, 119 Iowa 132, 93 N. W. 292, 294. If the superintendent of banking, therefore, had nothing which he, as an officer of the court, could assign, the appellant received nothing by the assignment. Jansen v. Clark, 201 Iowa 333, 207 N. W. 338. As said by Andrew, Supt., v. State Bank of Swea City (214 Iowa 1339, 242 N. W. 62, 82 A. L. R. 1280), supra, the receiver, so far as the claims for bank stock assessments are concerned, has nothing which he can assign. The stock assessments, as before indicated, are for the creditors of the bank alone. Such assessments are not assets of the bank. Andrew, Supt., v. State Bank of Swea City (214 Iowa 1339, 242 N. W. 62, 82 A. L. R. 1280), supra. Accordingly, it is said in the Swea City Bank case that the claim for the stock assessment is of no validity in the hands of an assignee. When the superintendent of banking in the case at bar, as receiver, obtained judgment against the appellee, he received thereby only a means of enforcing the claim for the bank assessment. Nothing was added to the receiver's right of assignment when he obtained the judgment. The judgment was only a final declaration in favor of the receiver, as an officer of the court, that the appellee was subject to the assessment. According to the judgment, it is a part of the stock assessment. Both the assessment and the judgment were entered in

one document. It appears beyond doubt that the district court, in entering the judgment in favor of the receiver, only intended to empower him, as such officer of the court, to collect the assessment. Consequently the judgment was thus received by the superintendent of banking, who was the receiver of the bank and an officer of the court. He received the judgment in no other capacity and in no other way.

The judgment indicates upon its face that it was entered as part of the scheme for collecting the assessment. As an officer of the court, the receiver obtained the judgment for no other purpose. Such judgment was personal to the receiver as an officer of the court. Its purpose was to authorize such receiver, as an officer of the court, to collect the statutory liability in order that it, in turn, might be distributed to the creditors of the bank, as contemplated by statute. So when the appellant obtained the judgment through the sale of the bank's remaining assets, he understood the nature of the judgment. Under the order appointing the superintendent the receiver of the bank, he was authorized to receive all available funds with which to pay the creditors and then to make distribution thereof accordingly.

In view of the statute relating to the purpose of the assessment and the public policy in conformity therewith, as announced by this court in the Swea City Bank case (214 Iowa 1339, 242 N. W. 62, 82 A. L. R. 1280), supra, it is apparent that the receiver, when obtaining the judgment, did not thereby acquire an assignable claim. Without having an assignable judgment, the superintendent of banking, as receiver, could not transfer any enforcible right therein to the appellant. By thus concluding, we do not attack the judgment collaterally. On the other hand, the judgment is permitted to stand in all its force. The judgment, however, has its limitations in the very terms and nature thereof. Such limitations are inherent. Rather than permitting a collateral attack on the judgment, therefore, we are authorizing it to be enforced according to its nature and terms. Because of its limitations under the statute and the public policy of this state, the appellant did not receive an enforcible claim when he purchased the nonassignable judgment. Without an enforcible claim, the appellant is not entitled to have the judgment declared a lien on the appellee's real estate.

II. When deciding the controversy, the district court held that because the appellant already had received $400 from the appellee

through the first execution, as before explained, the appellant was not entitled to any further reimbursement for the purchase price paid for the judgment. It was said by this court in Andrew, Supt., v. State Bank of Swea City (214 Iowa 1339), supra, reading on page 1346, 242 N. W. 62, 65, 82 A. L. R. 1280:

"If the assignee paid nothing for this assignment, the creditors received nothing. If the assignee paid $50 for the claim against Larson, then the creditors received only $50 and the balance of $450 cannot be collected against Larson because it would be collecting this statutory superadded liability for a purpose other than the payment of creditors."

Apparently upon the theory that the quoted portion of the Swea City Bank case authorized the assignee to receive back any sum actually paid for the particular assignment, the district court found as above indicated. In order for the appellant to recover the amount actually expended, however, it is necessary for him to show the amount the receiver actually obtained for this item. Because, unless the receiver actually received the amount in question, in order that he might distribute it to the creditors, there can be no recovery by the appellant. Andrew, Supt., v. State Bank of Swea City (214 Iowa 1339, 242 N. W. 62, 82 A. L. R. 1280), supra. The burden, then, to prove how much he paid for this judgment was upon the appellant. There is nothing in the record to indicate that the appellant paid more than $400 for the judgment. As before said, the appellant received that sum from the appellee through the first execution. Consequently, the appellant is not entitled to any additional sum.

Wherefore, the judgment and decree of the district court must be, and hereby is, affirmed.—Affirmed.

ALBERT, C. J., and EVANS, CLAUSSEN, and DONEGAN, JJ., concur.