THE TILDEN BANK, A STATE BANKING CORPORATION, APPELLEE, v. MILTON M. RETZLAFF, APPELLANT, IMPLEADED WITH EDITH RETZLAFF, APPELLEE.

199 N. W. 2d 734 .

Filed July 28, 1972. No. 38416.

Nelson, Harding, Marchetti, Leonard & Tate, Kenneth Cobb, Richard H. Williams, and Lynn Hutton, for appellant.

Thomas E. Brogan, for appellee Tilden Bank.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an action to foreclose a real estate mortgage. The note and mortgage in issue were dated April 24, 1968, in the principal amount of $358,000. The undisputed evidence and the stipulations of the parties en-. tered into show that at the time of the decree of foreclosure there was a principal balance due the plaintiff bank of $121,895.59. The only real issue in this case is whether the district court was correct in striking a pleading filed by the defendants entitled "Amended Answer and Cross-Petition." After the striking of the amended answer and cross-petition, there being no issue under the stipulation of the parties in the evidence as to the consideration for, the execution and the signature of the note and mortgage, or the balance due, the district court entered a judgment and the decree of foreclosure. We affirm the judgment of the district court.

The cross-petition sounds in tort. A desire for brevity forbids setting it out in full. The defendants allege that the plaintiff bank conspired to financially and personally ruin and destroy the defendant, his personal life, and his business interests; that the plaintiff conspired with one Gary P. Bauman, its president, and intention-

ally disrupted Milton Retzlaff's feeding program by not allowing Milton Retzlaff to cut enough ensilage; that the plaintiff bank conspired to force such defendant to take his livestock to market at inopportune times; that the plaintiff bank and Gary P. Bauman maliciously, in bad faith, and without justification revealed confidential aspects of defendant Milton Retzlaff's dealings with the Tilden bank, and made unjustified, bad faith statements regarding the business and financial condition of said Milton Retzlaff; that the plaintiff bank interfered with the personal life and marriage of defendant; that the plaintiff bank forced defendant against defendant's will, and for personal reasons, to discontinue purchasing commercial feed; and that the plaintiff bank conspired to employ improper banking methods toward the account of the defendant and did mishandle the money that was paid to the plaintiff bank from sales of livestock by defendant.

Our statute, section 25-813, R. S. Supp., 1969, permits the filing of a counterclaim or a cross-petition in response to the claim of a plaintiff, under certain circumstances. This court has long interpreted this statute as requiring the counterclaim to be *germane* to the original suit. Armstrong v. Mayer, 69 Neb. 187, 95 N. W. 51. We have recently reaffirmed that holding in Rogers v. Western Electric Co., Inc., 179 Neb. 359, 138 N. W. 2d 423, in which we reviewed the authorities and discussed the elements of a proper cross-petition in detail as follows: "The criterion to be applied is that the issues raised by the cross-bill must be so closely connected with the cause of action in the original suit that a cross-claim is a mere auxiliary or dependency upon the original action. The new issues which a defendant may introduce by a cross-claim are to be limited to such as it is necessary for the court to have before it in deciding the questions raised in the original suit in order to do complete justice to all parties with respect to the cause of action on which the plaintiff bases his claim for relief. If a defendant in

filing a cross-bill attempts to go beyond this and to introduce new and distinct matter not essential to the proper determination of the issue put in litigation by the original bill, although he may show a perfect case against either the plaintiff or one or more of his co-defendants, his pleading will not be permitted as a cross-bill. New and distinct matter not maintainable under the provisions of the code as a counterclaim and not involved in a proper determination of the subject matter of the original suit must be litigated in a separate action."

It is clear from the record in this case that there is no dispute as to the consideration for, and the execution and validity of, the real estate mortgage in the original sum of $358,000. The subject matter of the original petition was the simple issue of the determination of the validity of a promissory note and mortgage and the amount due thereon. From what we have said it appears that new and distinct matter not necessary for the determination of these issues was injected into the case by the purported cross-petition. The alleged conspiracy is not connected with the original foreclosure petition, and the new issues sought to be injected into the case are not necessary for a just and complete resolution of the issues raised in the petition to foreclose the note and mortgage. It is an attempt to litigate a tort action for conspiracy, a completely independent cause of action, serving to distort and confuse the resolution of the action to determine the validity of a contract and the mortgage security therefor. See, Weller v. Putnam, 184 Neb. 692, 171 N. W. 2d 767; Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649; O'Shea v. O'Shea, 143 Neb. 843, 11 N. W. 2d 540; 20 Am. Jur. 2d, Counterclaim, Recoupment, Etc., § 70, p. 287. We come to the conclusion that the claim set out in the purported cross-petition is independent and unrelated to the original cause of action and cannot be litigated by cross-action in the nature of a cross-petition or counterclaim. The proper manner in which to challenge the appro-

priateness of a counterclaim is by motion to strike. Weller v. Putnam, *supra*.

The conclusionary allegation that the claim for conspiracy arose from the mortgagor-mortgagee relationship, described in the original petition, is not sufficient. See, Benes v. Matulka, 182 Neb. 744, 157 N. W. 2d 382; Watts v. Gantt, 42 Neb. 869, 61 N. W. 104; Brugman v. Burr, 30 Neb. 406, 46 N. W. 644.

A claim for damages for tort cannot be used as a set-off against actions on contracts or suits on promissory notes secured by real estate mortgages. 55 Am. Jur. 2d, Mortgages, § 615, p. 581; Benes v. Matulka, *supra*; Watts v. Gantt, *supra*; Vanderlip v. Barnes, 101 Neb. 573, 163 N. W. 856.

The defendant appellant still insists that his amended answer should not have been stricken because he asserts he alleged in the amended answer that the plaintiff had fraudulently induced the execution of the mortgage by "promising Defendant that the Tilden Bank would charge him one per cent less interest than the Credit Production was charging Defendant, and that Defendant would save money by dealing with Plaintiff bank." This is insufficient. None of the plaintiff's actions constituting the alleged fraud are set out. There is no allegation of what the interest rate of "Credit Production" was, and no allegation that such a representation, if made, had been breached by the plaintiff bank. See Nelson v. Nelson, 152 Neb. 741, 42 N. W. 2d 654. Furthermore, it is clear that such an allegation could not be a defense to the foreclosure of the mortgage, but would only relate to a mitigation of the amount due as interest.

It further appears that the note and mortgage were executed on April 25, 1968. This action was filed on February 5, 1971. The amended answer containing the allegation referred to was filed on June 14, 1971. The parties are bound by a stipulation which they jointly filed in this case on November 29, 1971, over 5 months

after the filing of the amended answer herein. In this stipulation, paragraph 1(e), they stated that 'they had executed an agreement on June 6, 1969, relative to the liquidation of the defendants' assets, and agreed that it should be incorporated into the stipulation. Exhibit E recites (over 1 year after the incurrence of the original indebtedness) that the defendants were indebted to the First National Bank of Omaha in the principal amount of $225,044.72 and the Tilden Bank in the principal amount of $35,000. The stipulation on November 29, 1971, paragraph 1(f), recites as follows: "(f) That the record of this loan transaction with the defendants, including the dates of advances, amounts of advances, credits to defendants, payments by defendants, participation by the First National Bank of Omaha, and the loan balances from time to time, and presently, *are* as set forth on Exhibit 'F' attached hereto, and incorporated herein by reference." (Emphasis supplied.) The balance due on principal and interest recited in the judgment and decree in this case is in conformity with the amounts set out in exhibit F. This stipulation and the recitals therein are binding on the parties hereto and obviously foreclose any claim as to a reduction of the balance due arising from the misrepresentation as to the interest rate, especially since it was filed in the action subsequent to the time of the allegation of the amended answer.

The judgment of the district court in striking the amended answer and the cross-petition and finding for plaintiff is correct and is affirmed.

AFFIRMED.