JOSIE J. KLITZING, APPELLEE AND CROSS-APPELLANT, V.
MARY DIDIER AND JOHN DIDIER, APPELLANTS AND
CROSS-APPELLEES.

337 N.W.2d 418

Filed August 5, 1983. No. 82-593.

George A. Sommer, for appellants.

Robert G. Simmons, Jr., of Wright, Simmons & Selzer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is an action by Mary Didier against Josie Klitzing on a promissory note and mortgage. Josie Klitzing filed a counterclaim alleging that Mary had

committed a fraud upon Stephen Crouse, and had also conspired with Stephen Crouse to defraud Josie Klitzing in connection with a different land sale transaction. The District Court found that Josie Klitzing was indebted to Mary Didier on the note and mortgage in the sum of $5,680 and entered judgment in that amount, together with interest. The court also found that Mary Didier committed a fraud upon Stephen Crouse and had retained the fruits of the fraud. The court then entered judgment for Josie Klitzing against Mary Didier for $5,680 plus interest and ordered that the judgments be offset against each other. Mary and John Didier have appealed and Josie Klitzing has cross-appealed.

In July 1981 the plaintiff, Josie Klitzing, filed a petition against Mary Didier and John Didier, her husband, Stephen H. Crouse and Paula Crouse, his wife, and Patrick Douglas Crouse and Jarolyn Crouse, his wife, to void and set aside two deeds to 1,480 acres of ranch land. The deeds were executed in 1980. One deed was a warranty deed executed by Josie Klitzing to Stephen H. Crouse, and one was a quitclaim deed executed by Mary Didier to Stephen H. Crouse.

On August 14, 1981, the defendant Mary Didier filed a counterclaim against the plaintiff, Josie Klitzing, on a promissory note and mortgage for $22,720 dated May 6, 1974. The note and mortgage were executed and delivered in connection with the purchase and sale of 320 acres of land from Mary Didier to Josie Klitzing, the deed for which was executed on May 6, 1974.

On October 8, 1981, the plaintiff, Josie Klitzing, dismissed her petition without prejudice. The counterclaim of Mary Didier against Josie Klitzing therefore became in effect a plaintiff's petition and the action proceeded accordingly. The Crouses were no longer parties.

Josie Klitzing answered Mary's counterclaim and admitted the execution of the note and mortgage, but alleged that they were without consideration

and based upon mutual mistake. She also pleaded estoppel and undue influence.

Josie Klitzing also filed a cross-petition seeking to set aside the 1980 deeds referred to in her initial petition, and alleging that Mary Didier had committed fraud against Stephen Crouse, and that Mary Didier and Stephen Crouse had conspired to defraud Josie Klitzing in connection with the 1980 deeds.

Some further facts may be appropriate. Josie Klitzing is the mother of Mary Didier, formerly Mary Crouse. Mary Didier is the mother of Stephen Crouse. In 1956 Josie Klitzing and Mary Didier acquired 1,480 acres of land in Box Butte County. On December 6, 1968, Josie Klitzing and Mary Didier executed an agreement providing that Mary Didier would deed her one-half interest in all but 320 acres of land to Josie Klitzing, and in return Josie Klitzing would deed to Mary Didier Josie's one-half interest in the 320 acres and cancel certain debts of Mary's to Josie. Deeds were executed and recorded pursuant to the agreement, but the memorandum of agreement was not recorded.

On May 6, 1974, Josie Klitzing purchased the 320 acres of land owned by Mary Didier from Mary and her husband, John. Josie Klitzing executed a note and mortgage for $22,720 to Mary Didier as a part of the purchase price. The deed from the Didiers and the mortgage were recorded in May 1974. The note and mortgage are the note and mortgage involved in Mary Didier's claim against Josie Klitzing. Various payments were made by Josie Klitzing to Mary Didier over the years and the principal balance as of the time of trial was $5,680, plus interest from May 1, 1980, at the rate of 6 percent per annum.

On January 22, 1980, Josie Klitzing entered into a contract to sell the entire 1,480 acres of land to Stephen Crouse for the sum of $148,000, with payments to be made periodically over a term of years. When Stephen's attorney examined the abstract he discovered that in 1975 Mary Didier had recorded an

agreement of April 1968 between Mary Didier and Josie Klitzing which had been superseded by the December 1968 agreement. Stephen's attorney advised him to obtain a quitclaim deed from Mary Didier of any interest she might have in the property. On August 15, 1980, Mary Didier agreed to relinquish all interest in the 1,480 acres to Stephen for $60,000, with $10,000 to be paid down and the balance in yearly installments. At the time of trial $19,000 had been paid. On the same date, Mary Didier executed a quitclaim deed to Stephen to be held in escrow until Stephen's land contract with Josie Klitzing was completed. Although Josie Klitzing knew of Stephen's agreement to pay Mary Didier $60,000 for a quitclaim deed and although she insisted that Mary had no interest in the land, Josie proceeded with her contract with Stephen and on November 20, 1980, conveyed the 1,480 acres of land by warranty deed to Stephen for $148,000, payable in periodic payments.

The present proceedings were commenced in July 1981. The case was tried to the court and during the trial the Didiers filed a motion to dismiss Josie Klitzing's cause of action for fraud and conspiracy to commit fraud on the ground that all necessary parties were not joined. That motion was overruled.

On July 6, 1982, the District Court found that Josie Klitzing was indebted to Mary Didier on the promissory note in the sum of $5,680 with interest thereon at the rate of 6 percent per annum from May 1, 1980. The court specifically found that the execution of the note was not due to undue influence, mistake, or any other reason and entered judgment accordingly. The court then found that Mary Didier had committed a fraud upon Stephen Crouse and that she had retained the fruits of the fraud. The court found that the benefit received by Mary Didier was the sum of $5,680 with interest at 6 percent per annum from May 1, 1980.

The District Court therefore entered judgment for Mary Didier against Josie Klitzing for $5,680 and

judgment for Josie Klitzing against Mary Didier in the sum of $5,680, and directed that the judgments offset each other. Mary Didier has appealed and Josie Klitzing has cross-appealed.

On appeal Mary Didier contends that an equitable claim of fraud in a different transaction cannot be asserted as a counterclaim or cross-petition, nor be offset against an action on a promissory note, which is an action at law. She also asserts that a finding of fraud committed upon a third person who is not a party to a lawsuit is erroneous and that the District Court erred in failing to dismiss Josie's cause of action for fraud or conspiracy to commit fraud.

Josie Klitzing contends that a judgment for fraud may be offset against a judgment on a promissory note and that Stephen Crouse is not a necessary party. She also contends on her cross-appeal that she should recover from Mary Didier the $19,000 paid by Stephen Crouse to Mary Didier.

Because of the dismissal of Josie Klitzing's original petition, Mary Didier's counterclaim became the petition in this case and Mary became, in effect, the plaintiff. Although denominated a cross-petition, Josie Klitzing's cause of action was, in effect, a counterclaim for fraud in equity involving a separate and distinct transaction.

Neb. Rev. Stat. § 25-813 (Reissue 1979) provides in part: "The counterclaim mentioned in section 25-812 must be one in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action." In the case at bar Mary Didier's cause of action was an action at law on a promissory note executed by Josie Klitzing in 1974. Josie's counterclaim for fraud and conspiracy concerned a completely different transaction or transactions which occurred in 1980. Josie's counterclaim was in equity and was not germane

to the issue involved in the action at law on the promissory note.

New and distinct matter not maintainable as a counterclaim under statutory provisions and not involved in a proper determination of the subject matter of the original suit must be litigated in a separate action. *The Tilden Bank v. Retzlaff*, 188 Neb. 834, 199 N.W.2d 734 (1972). In *Retzlaff* this court said: "The subject matter of the original petition was the simple issue of the determination of the validity of a promissory note and mortgage and the amount due thereon. From what we have said it appears that new and distinct matter not necessary for the determination of these issues was injected into the case by the purported cross-petition. The alleged conspiracy is not connected with the original foreclosure petition, and the new issues sought to be injected into the case are not necessary for a just and complete resolution of the issues raised in the petition to foreclose the note and mortgage. It is an attempt to litigate a tort action for conspiracy, a completely independent cause of action, serving to distort and confuse the resolution of the action to determine the validity of a contract and the mortgage security therefor." *Id.* at 837, 199 N.W.2d at 736.

*Retzlaff* specifically held that a claim for damages for tort cannot be used as a setoff against actions on contracts or suits on promissory notes secured by real estate mortgages.

In the present case the action on the promissory note is in contract and Josie Klitzing's counterclaim for fraud and conspiracy sounds in tort. The trial court found that the only fraud committed by Mary Didier was against Stephen Crouse, who was not a party to the action.

Insofar as Josie's counterclaim for fraud is concerned, Stephen Crouse was an indispensable party. Indispensable parties to a suit are those who not only have an interest in the subject matter of the controversy but also have an interest of such a na-

ture that a final decree cannot be made without affecting their rights or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. *Shepoka v. Knopik,* 197 Neb. 651, 250 N.W.2d 619 (1977).

In the present case the real estate involved in Josie's fraud claim was acquired by Stephen Crouse under the 1980 deeds, and is now owned by him. The fraud was allegedly committed against him by Mary, and by him and Mary against Josie, and no final decree could be made in connection with Josie's counterclaim without affecting the rights of Stephen Crouse.

The motion of Mary Didier to dismiss Josie's cause of action for fraud and conspiracy to commit fraud on the ground that an indispensable party was not joined should have been granted. The fraud claim also involved an improper setoff and counterclaim.

The judgment in favor of Mary Didier and against Josie Klitzing is affirmed. The judgment in favor of Josie Klitzing and against Mary Didier for fraud is vacated and the cause of action is dismissed.

AFFIRMED IN PART, AND IN PART
REVERSED AND DISMISSED.

WHITE and HASTINGS, JJ., concur in the result.

SHANAHAN, J., not participating.