EDWARD GURSKE, APPELLANT, v. EDWARD KELPIN ET AL., APPELLEES.

FILED MARCH 20, 1901. No. 9,400.

1. **Finding of Fact Based on Conflicting Evidence Not Reviewable.** A finding of fact by the district court based on conflicting evidence will not be disturbed on review.

2. **Pleader of Statutory Counter-Claim Must Allege Facts Bringing It Within Statute.** When the right to a counter-claim depends wholly upon statute, the defendant must not only plead a good cause of action in his favor against the plaintiff, but he must allege facts which bring his claim within the provisions of the statute.

3. **Counter-Claim Can Not Accrue After Bringing of Action.** Matters accruing subsequently to the bringing of the action can not be pleaded as a counter-claim.

APPEAL from the district court for Douglas county. Heard below before SCOTT, J. *Affirmed.*

*C. A. Baldwin, A. S. Churchill* and *Warren Switzler,* for appellant.

*Constantine J. Smyth, contra.*

NORVAL, C. J.

This suit was instituted to foreclose a real estate mortgage given by the defendants to plaintiff. One of the defenses was payment. The defendants also sought to recover, by way of a counter-claim, the statutory penalty of $100 for failure of plaintiff to release and discharge the mortgage of record. The court found that the mortgage debt had been paid, and denied defendants the $100 penalty. Both parties complain of the decision.

On the question of payment the evidence was very conflicting. That adduced by the defendants was sufficient to establish that the note and mortgage had been paid, while the proofs introduced by plaintiff were ample to sustain his conclusion. The doctrine of this court, long adhered to, is that findings based upon conflicting evidence will not be investigated on review. So, applying the rule to this case, the decree canceling the mortgage is sustained.

There was no error committed in refusing to allow defendants the statutory penalty of $100, for more than one reason. In the first place, the alleged counter-claim is not sufficiently pleaded in the answer. It is there alleged that "These defendants, Edward and Matilda Kelpin, state to the court that they demanded of the said Gurske that he cancel said mortgage of record, and at the same time they tendered to him his reasonable charges therefor, but the said Gurske refused and neglected, and still refuses and neglects to discharge the same, or to execute and acknowledge a certificate of discharge or release thereon, and he has thereby become and is not liable under the statute to these defendants, Edward Kelpin and Matilda Kelpin, in the sum of $100 damages." By section 29, chapter 73, Compiled Statutes, the mortgagee of real estate, his personal representative or assignee, after full payment of the mortgage debt, is liable to the statutory penalty of $100 if he shall, for the space of seven days after being requested, and after tender of his

reasonable charges, refuse or neglect to discharge the same, or to execute or acknowledge a certificate of discharge or release of the mortgage. The penalty accrues only where there has been a neglect or refusal to discharge the mortgage, or to execute or acknowledge a certificate of discharge for the space of seven days after demand, and the tender of reasonable charges therefor. It will be observed that it is not alleged that plaintiff, for the period of seven days, or for any other stated time, had neglected or refused to release the mortgage. The demand upon him and the tender of fees or charges may have been made the day the answer was filed. The defendants' right to the $100 depends wholly upon the statute, and they must allege facts which bring their claim within the terms of the statute. This they did not do.

Further, it is not disclosed that any demand was made upon plaintiff to release or discharge the mortgage, or that any tender of fees or charges was made prior to the commencement of the suit. Matters accruing subsequently to the bringing of the foreclosure suit are not available as a counter-claim. *Simpson v. Jennings,* 15 Nebr., 671; *Kansas Loan & Investment Co. v. Hutto,* 48 Kan., 166; *Jones v. Swank,* 54 Minn., 259. The decree is, therefore,

AFFIRMED.