FIRST NATIONAL BANK OF SUTTON, APPELLEE, V. SUTTON MERCANTILE COMPANY, APPELLANT.

FILED NOVEMBER 22, 1906. No. 14,511.

1. Judgment: DEFAULT. Where there is an answer on file setting up a valid defense, the fact that the defendant fails to appear either in person or by attorney when a cause is reached for trial does not entitle the plaintiff to a judgment without proof of the facts constituting his cause of action, unless the facts admitted by the answer make out a *prima facie* case in his favor.

2. Appeal: PRESUMPTIONS. The presumptions in favor of the regularity of the proceedings of superior courts are of no avail against facts shown by the record itself.

3. Judgment on Pleadings: REVIEW. Where a judgment at law is rendered on the pleadings alone, a motion for a new trial is not necessary to obtain a review in this court.

APPEAL from the district court for Clay county: ROBERT C. ORR, JUDGE. *Reversed.*

*Paul E. Boslaugh, John A. Moore* and *Hall, Woods & Pound,* for appellant.

*T. H. Matters, contra,*

ALBERT, C.

The First National Bank of Sutton, Nebraska, brought an action in the district court against the Sutton Mercantile Company on a promissory note purporting to have been given by the defendant to a third party, and by such third party transferred by indorsement to the plaintiff. The note is negotiable in form and purports to have been signed on behalf of the defendant by Charles Coleson, its secretary. In addition to the usual allegations on a promissory note, the petition filed by the plaintiff contains the following: "The plaintiff further alleges that said Charles Coleson was duly authorized by direct agreement and consent of all the stockholders, directors and officers of said association to sign said note, and that said Coleson was authorized to, and did, sign all notes, checks and drafts for said company while he remained as stockholder and secretary of said company, and which is, by general consent of said organization, the duty of the secretary of the Sutton Mercantile Company to sign all notes, drafts and checks for said company. Plaintiff further alleges that after knowledge of all the facts, that is, after knowledge of the signing of said note by the said Charles Coleson, secretary of said company, said corporation kept, retained and used the property for which the note hereinbefore set out was given." After a general denial of each and every allegation contained in the petition not subsequently admitted, the answer, while admitting that Coleson was its secretary at the time the note was signed, alleges that he signed the same without authority and without consideration, and alleges certain facts amounting to a charge of fraud in the inception of the note. Other matters not necessary to notice at this time are alleged in the answer. The reply, for present purposes, may be said to amount to a general denial.

The following taken from the transcript of the corrected record of the district court shows the subsequent proceedings had in that court, so far as they are material

at this time: "Now on this 10th day of May, 1905, the plaintiff appearing by its attorney, Thomas H. Matters, and the defendant not appearing in person or by attorney, this case coming on to be heard upon the petition of the plaintiff, the answer of the defendant, and the reply of the plaintiff, and the statement of plaintiff's counsel that the note sued on in this case is in the hands of the clerk, and that there is a certain amount due upon the same, and plaintiff asks for judgment for the plaintiff, and submits the cause to the court; upon consideration whereof the court finds that there is due plaintiff from the defendant, the Sutton Mercantile Company, upon their note herein sued upon the sum of four hundred and fifty dollars ($450). The court further finds that there is due interest on said note for four hundred and fifty dollars ($450) at the rate of 10 per cent. per annum from January, 1901, to May 10, 1905, making the sum of six hundred and forty-seven and no one-hundredths dollars ($647) owing by the defendant Sutton Mercantile Company to the plaintiff to this date." Then follows a formal judgment.

The defendant appeals, contending that error affirmatively appears on the face of the judgment record. This contention seems to be well founded. Where there is an answer on file setting up a valid defense, the fact that defendant fails to appear either in person or by attorney when a cause is reached for trial does not entitle the plaintiff to a judgment without proof of the facts constituting his cause of action, unless the facts admitted by the answer make out a *prima facie* case in his favor. The facts not thus admitted must be established by proof. In *Pultz v. Diossy*, 53 How. Pr. (N. Y.) 270, where the defendant had answered, but failed to appear at the time set for trial, the court said: "The plaintiff, though the defendant failed to appear on the adjourned day, is bound to establish his cause of action by evidence, and if he has not done so the judgment will be reversed." See, also, *Strong v. Comer*, 48 Minn. 66; *McMurtry v. State*, 19 Neb.

147. In the case at bar the petition contains an averment of express authority on the part of the secretary of the defendant to execute the note, and of facts relied upon as estopping the defendant to deny such authority. These averments are put in issue by the answer. The burden of proof, therefore, was upon the plaintiff to show either that the secretary had authority to execute the note or to establish the facts relied upon as an estoppel to deny such authority. As we have seen, the failure of the defendant to appear when the cause was reached for trial did not dispense with proof on these points. True, the judgment purports to have been rendered on the pleadings and a statement made by plaintiff's counsel. That statement was not evidence. That it was not so regarded by the trial court is reasonably clear from the fact that the record recites that the cause was heard on the pleadings and a specific statement of counsel, instead of following the common form and reciting that it was heard on the pleadings and the "evidence." This departure from the common and usual form is significant. Besides, the existence of the note and the amount thereof were not in issue. Counsel's statement, therefore, was not in support of any issue of fact presented for trial.

The presumptions in favor of the records of superior courts are invoked, but such presumptions are of no avail as against facts shown by the record itself. The judgment, then, as before stated, is a judgment on the pleadings. A judgment against the defendant on the pleadings is proper only when the answer contains no denial or averment constituting a defense. *Boldt v. First Nat. Bank,* 59 Neb. 283; *State v. Lincoln Gas Co.,* 38 Neb. 33; *Rourk v. Miller,* 3 Wash. 73; *Widmer v. Martin,* 87 Cal. 88. As at least one valid defense is pleaded in the answer, it follows that the judgment rendered against the defendant on the pleadings is erroneous.

But it is contended that such error is not available to the defendant at this time because no motion for a new trial was filed. A new trial is a reexamination in the

same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court (code, sec. 314); and a motion for a new trial is a motion for such reexamination. The judgment was rendered without an examination of any of the issues of fact, consequently there could be no reexamination of any such issues, and it would be absurd to hold that the defendant was required to ask what the court could not possibly grant. *Bannard v. Duncan,* 65 Neb. 179. The judgment involved a mere construction of the pleadings, and in such cases no motion for a new trial is required in order to obtain a review in this court. *Scarborough v. Myrick,* 47 Neb. 794; *Hays v. Mercier,* 22 Neb. 656; *Claflin v. American Nat. Bank,* 46 Neb. 887.

The judgment of the district court is clearly erroneous, and we recommend that it be reversed and the cause remanded for further proceedings.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

                                             **REVERSED.**