P. T. McGERR, APPELLEE, v. FRANK MARSH, APPELLANT.
26 N. W. 2d 374

Filed March 7, 1947. No. 32165.

*William H. Heiss,* for appellant.

*Morrow, Lovell & Bulger,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, and CHAPPELL, JJ., and NUSS, District Judge.

PAINE, J.

Plaintiff brought action in the county court, alleging that his tenant, the defendant, raised $6,135.50 worth of potatoes on his farm and instead of paying the plaintiff one-fourth thereof, or $1,533.85, he paid only $1,081, and converted the balance to his own use, and plaintiff prayed judgment for $452.85.

The defendant filed answer, admitting the relationship of the parties, and that the parties acted in accordance with the lease and the oral and specific directions of plaintiff; that defendant and his family had performed work for plaintiff, and defendant advanced money for him; that it was agreed that plaintiff should receive one-fourth of the potatoes raised; and that plaintiff was justly indebted to defendant for advances and services in the sum of $456.20, to wit: Defendant had paid out to E. R. Weatherfield $168 for digging a potato

cellar on the place, for other work on cellar, $203, for expense of spraying potatoes, $30.20, and for miscellaneous items, $55, making a total of $456.20 due defendant from plaintiff, which defendant had deducted from plaintiff's share of $1,533.87, and had by error in figures given a check for balance of $1,081.44 to the Gering National Bank, agent of plaintiff, marked on the face thereof, "for settlement for 1944 potato crop Paid in full." That by reason of his error in computation defendant overpaid plaintiff $3.77, for which amount he prayed judgment.

To this answer a motion was filed by plaintiff to strike out certain parts of paragraphs 2, 3, and 4 because plaintiff's petition was not founded upon contract, but upon tort, and therefore was not subject to set-off; and to make more definite and certain other parts, specifying dates of work done and dates of payment thereof. The motion was sustained in part, and defendant was required to set out the specific directions given by plaintiff, and whether in writing or verbal, and to attach a copy of any writing.

Thereupon, defendant filed an amended answer. To this plaintiff filed a further motion to strike the answer from the files because defendant had failed to comply with the order of the court. The court gave defendant ten days to file an amended answer to comply with the former order. Ten days thereafter a new answer, No. III, was filed, in which answer are set out portions of a letter from plaintiff's wife, directing defendant to sell their share of potatoes when he sold his, and deposit the money in the Gering National Bank. There was attached another letter from plaintiff's wife to defendant, in which she gave instructions about the potatoes, and then wrote in reference to plaintiff: "Dad is still in Hospital & very sick but thot perhaps a little better but will soon have used up all our rent money but hope for a good crop next year. Glad you are get-

ting out fertilizer all ready. The Chester Brown sent me a report on Beans. I have not sold yet. Thanks for your prompt answer."

Thereupon, plaintiff filed a four-page motion for judgment on pleadings because defendant has failed to comply with order of court, or, in the alternative, to strike out nine or more quoted portions of the answer, and that said items did not constitute a proper set-off or counterclaim, as plaintiff's action was founded on tort and not on contract. Said motion was argued, was sustained as to section 5 under paragraph 2, and overruled as to the balance.

On August 28, 1945, the cause came on for trial on the petition, answer No. III, and the reply. Evidence was taken. Two days later the case was argued to the court. Thereafter, the county court found for plaintiff generally, but for the defendant on certain items, and reduced the amount prayed for by plaintiff by allowing the defendant one-fourth the cost of spraying the potatoes, for pump repair, and share of weighing costs, making a total deduction of $30.20, and entered judgment for $422.65, with costs of $58.56.

Defendant appealed to district court, and after petition was filed, the plaintiff filed motion to strike out portions of the answer, alleging that the petition was founded on tort, and not on contract, and that items set out in the answer did not constitute a proper set-off or counterclaim. The plaintiff also charged that the Gering National Bank had only authority to receive deposits, and not to make settlement of any differences between plaintiff and defendant, and therefore he moved to strike out that part of paragraph 5, setting out the settlement made by defendant with said bank, in which defendant alleged he gave a check to said bank for plaintiff, said check stating on the front, "for settlement for 1944 potato crop Paid in full."

The motion was sustained, and defendant was given five days to plead further. Amended answer was filed by defendant; Admitting paragraphs 1 and 2 of the petition as to ownership of the land and the lease between the parties; in paragraph 3 setting out that the lease contained only a part of the entire agreement between the parties, and by the oral portion of the agreement the plaintiff agreed to build a potato cellar and defendant was to advance certain sums for plaintiff; and in paragraph 4 it was alleged that at the request of plaintiff the defendant engaged a person to dig said cellar, paying him $168 therefor, and then setting out other items in connection with raising potatoes, for which plaintiff owed defendant.

Plaintiff filed motion to strike paragraphs 3, 4, and 5, and the court sustained said motion and struck out said three paragraphs. Thereafter, plaintiff filed motion for judgment, but filed no reply.

On April 11, 1946, the court entered judgment, setting forth that, the defendant having elected not to plead further, the court finds there is due from defendant to plaintiff $451.71, with interest of $34.59, and entered judgment for $486.30 and costs of $78.56. On the same day defendant filed motion for new trial, setting out nine errors of the trial court.

The next day, April 12, defendant filed offer to confess judgment in the sum of $100 and accrued costs to that date in full settlement of all claims by plaintiff, and the record shows service of this offer on plaintiff's attorney on the same day.

On July 15, 1946, the court overruled motion for a new trial, and on July 27 supersedeas bond was filed. On July 29, 1946, certified copy of notice of appeal was filed in this court. On October 14, 1946, transcript was filed in this court. On October 25, 1946, plaintiff filed motion to dismiss the appeal on the ground that judgment was entered April 11, 1946. Notice of appeal was

filed July 27, 1946, which was more than three months subsequent to the date of judgment. No transcript was filed until October 14, 1946, more than three months subsequent to the entry of said judgment. Therefore plaintiff insists that this court has acquired no jurisdiction to review the judgment which was entered in the case, and the alleged appeal should be dismissed.

This motion to dismiss the appeal was submitted to this court some time ago and taken under advisement, to be disposed of with the main case after that was submitted, so we will now consider plaintiff's motion to dismiss the appeal.

In support of this motion, plaintiff cited several Nebraska authorities to the effect that, when no motion for a new trial is necessary, the fact that defendant filed one did not extend his time for filing his appeal in this court.

"Where a judgment at law is rendered on the pleadings alone, a motion for a new trial is not necessary to obtain a review in this court." First Nat. Bank of Sutton v. Sutton Mercantile Co., 77 Neb. 596, 110 N. W. 306.

"The filing of a motion for a new trial is unnecessary to obtain a review in this court of a judgment dismissing a cause before any evidence is taken for the reason that the petition does not state facts sufficient to constitute a cause of action." Huffman Automobile Co. v. Moline Plow Co., 110 Neb. 279, 193 N. W. 747.

This Huffman case, which plaintiff relies upon, holds in effect that in a law action under circumstances similar to the one at bar, a motion for a new trial is unnecessary, and therefore of no avail to extend the time of appeal.

The rule in equity cases is that the time for taking an appeal begins to run from the date of the entry of the decree or final order if no motion for a new trial is filed. When a motion for a new trial is filed in an

equity case, the time for taking an appeal begins to run from the date of the overruling of the motion. Dodge v. Healey, 103 Neb. 180, 170 N. W. 828; Union Central Life Ins. Co. v. Burgess, 131 Neb. 20, 266 N. W. 898; Douglas County v. Barker Co., 125 Neb. 253, 249 N. W. 607.

The statute involved is section 25-1912, R. S. 1943. The statute involved in Huffman Automobile Co. v. Moline Plow Co., *supra,* was section 20-1912, C. S. 1929, which is substantially the same as our present statute. Appeals in law and equity are made under the same statute; why should the rule not be the same in each?

It is our opinion that the interpretation of the statute made in the Huffman case is not warranted. A litigant should, in our opinion, be permitted to appeal from the judgment or from the overruling of the motion for a new trial, whether the case be in law or equity. While the matters to be considered on appeal may be different in an appeal from the entry of the judgment than in an appeal from the overruling of a motion for a new trial, we find no good reason for saying, when the wording of the statute is considered, that one must appeal from the judgment in a law action when a motion for a new trial will serve no useful purpose, and that an appeal may not be taken from the subsequent overruling of the motion for a new trial. Such rulings, we believe, lead to confusion and inconsistencies not based on reason. They create unnecessary pitfalls which we should eliminate.

It is our opinion that it was clearly contemplated in our present statute, section 25-1912, R. S. 1943, that the equity rule should be adopted in both cases. We therefore overrule the holding in Huffman Automobile Co. v. Moline Plow Co., *supra,* insofar as the same is in conflict with our holding in this case.

If the defeated litigant desires to give the trial court an opportunity to correct his judgment, if he has made

an error, by filing a motion for a new trial or rehearing, it is our opinion that the time for appeal to this court should not be cut off until that motion has been over-ruled by the district court, and it stands to reason that the rule should be uniform in all cases.

Taking up the judgment entered in the district court, we find that when the court struck out paragraphs 3, 4, and 5 of the answer it left just two paragraphs, to wit, paragraph 1, admitting ownership of land, and paragraph 2, admitting that the potatoes grown on that land in 1944 were sold to the Mack Potato Company, and also denying that any false or fraudulent representations were made by the defendant.

The defendant's assignments of error are based on the court's action in striking out all of defendant's amended answer except the two introductory paragraphs and the prayer at the end.

In his brief defendant does not specifically allege that his defense involves either a set-off or counterclaim, but that in raising the potatoes according to the agreement between the parties he advanced certain sums of money, performed certain labor, and that the settlement of these items due him out of plaintiff's share was merely carrying out the details of their agreement.

The raising of these potatoes, the digging and repair of a cellar in which to store them, using a poison spray for bugs, repairing the pump used in spraying them, the expense of weighing the potatoes, the labor ordered by plaintiff in connection with raising the crop, if proved as alleged by the defendant, would appear to the court to be items arising out of the very same transaction.

An analysis of these pleadings leaves the court with the impression that the matters set out in the answer partake of the nature of a counterclaim, which is discussed but not defined in section 25-813, R. S. 1943, reading as follows: "The counterclaim mentioned in section 25-812 must be one existing in favor of a de-

fendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

Counterclaim "is defined judicially as a cause of action in favor of defendant upon which he might have sued plaintiff and obtained affirmative relief in a separate action." 57 C. J., Set-off and Counterclaim, § 11, p. 366, and cited in the notes thereunder we find that it is " 'Something of a legal or equitable nature * * * arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, giving the defendant a right to relief necessarily involved, or properly involved, in the action, to the end that a complete determination thereof may be had.' Hodge v. Bishop, 96 Kan. 419, 421, 151 P. 1105."

In our opinion, the connection of the counterclaim with the subject of the action is more than casual or incidental, and complies with the holdings of this court that it must be immediate and direct. Live Stock Nat. Bank v. Marshall, 131 Neb. 185, 267 N. W. 414; 57 C. J., Set-off and Counterclaim, § 65, p. 415.

The term counterclaim is broader and more comprehensive than recoupment, set-off, or cross-action, and, subject to statutory limitations, secures to defendant the full relief which a separate action at law or in equity would have secured. See 57 C. J., Set-off and Counterclaim, § 17, p. 369.

Such claim or demand must be more than a mere defense to plaintiff's cause of action, or in reduction of his damages; "it must be an existing, valid, and enforceable cause of action in favor of the defendant against the plaintiff." 47 Am. Jur., Setoff and Counterclaim, § 37, p. 736.

In the opinion of this court, the items set out in the amended answer of the defendant in the instant case

had such a close relation to and connection with the matters alleged in the petition that it would be only just and equitable between the parties to settle them all in this one action, and not require the defendant to bring another suit against plaintiff on his claims. Having reached this conclusion, we hold that the trial court erred in striking out all of the claims of defendant from his answer and entering a judgment on the petition alone.

REVERSED.

WENKE, J., participating on briefs.