ALBERT J. ROGERS, APPELLEE, v. WESTERN ELECTRIC
COMPANY, INC., APPELLANT, IMPLEADED WITH
COMMERCIAL CONTRACTING CORP., APPELLEE.

138 N. W. 2d 423

Filed November 26, 1965. No. 35990.

Pilcher, Howard & Hickman, for appellant.

Cassem, Tierney, Adams & Henatsch and Stoehr, Rickerson & Caporale, for appellee Commercial Contracting Corp.

Eugene D. O'Sullivan, Jr., for appellee Rogers.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

This is an action for damages for alleged personal injuries sustained by Albert J. Rogers, hereinafter referred to as plaintiff, when he fell from a scaffold device furnished by his employer, the defendant Commercial Contracting Corporation, hereinafter called Commercial, while painting at the defendant Western Electric Company's Millard plant. Defendant Western Electric Company, Inc., will be hereinafter designated as Western.

The negligence alleged against Western is that one of its employees drove a scooter truck against the scaffold, throwing the plaintiff against a guardrail which broke, causing him to fall approximately 25 feet. Commercial is made a party defendant by virtue of section 48-118, R. R. S. 1943, which requires the joinder of an employer for purposes of subrogation and reimbursement of compensation paid. Commercial filed an answer admitting the payment of compensation under the provisions of the Nebraska Workmen's Compensation Act, and alleging that it is entitled to be subrogated to plaintiff's right of recovery to the extent of payments made or to be made. Commercial prayed for judgment against Western to the extent that it be fully protected in its subrogation rights under the Nebraska Workmen's Compensation Act.

Western filed a pleading, denominated: "Answer, Counterclaim and Cross-Petition of Defendant, Western Electric Company, Inc." The answer admitted that

plaintiff was injured when he fell from the scaffold; denied each and every other allegation of the petition; and alleged that the injuries sustained by the plaintiff proximately resulted from his own negligence and the negligence of others, including defendant Commercial. The counterclaim and cross-petition is directed against Commercial, alleging that the sole and proximate cause of the injury was a defective scaffold furnished by Commercial to plaintiff and that by doing so it violated section 48-425, R. R. S. 1943. The counterclaim and cross-petition further alleged that Commercial specifically contracted to indemnify Western for all damages, costs, and expenses incurred by Commercial's failure to comply with all laws, ordinances, and regulations. The answer and counterclaim prayed that if Western was adjudged liable to the plaintiff, it recover judgment against Commercial in an amount sufficient to discharge said liability, plus court costs, attorneys' fees, and other expenses incurred in the defense of plaintiff's action, or, alternatively, that it recover judgment against Commercial in an amount sufficient to contribute in a fair proportion to the discharge of said liability.

The motion of Commercial to strike the counterclaim and cross-petition was sustained, and said counterclaim and cross-petition was dismissed without prejudice. Western has perfected an appeal to this court.

In its brief on appeal, Western has defined and limited the issues herein. It specifically states: "To the extent that the name of the pleading is deemed to be of importance, we rely on our claim as a cross-petition rather than as a counterclaim.

"The substantive law of indemnity and contribution, as unaffected by special contract, is not directly involved or presented here. Western is making a claim on an express contract of indemnity against loss by reason of being compelled to respond to the plaintiff.

"* * * it is unnecessary here to decide matters of 'passive' and 'active' negligence, and 'primary' or second-

ary' liability in connection with non-contractual claims of indemnity.

"It is further unnecessary to decide questions involving the substantive law of contribution, * * *."

To this we add that it is obvious that the allegations of the cross-petition are limited solely to Commercial and in no way involve the plaintiff's claim against Western.

The reasons urged by Commercial in its motion to strike may be summarized as follows: (1) The cross-petition is improper, premature, and redundent to the issues involved in plaintiff's petition; (2) the law of Nebraska does not authorize or permit cross-claims against defendants; (3) Commercial is made a defendant by virtue of the law compelling plaintiff to join his employer, and is not such a party to the litigation as would permit the filing of a cross-claim; and (4) the petition of the plaintiff is in tort, and the cross-petition of Western is contractual and is therefore improper and is premature.

Section 25-1302, R. R. S. 1943, provides as follows: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve summons on other defendants, or to proceed in the cause against the defendant or defendants served."

The question inherent in Western's position is whether the above provision of our Code of Civil Procedure

requires the allowance of its cross-petition against its codefendant to secure its ultimate rights, which it contends includes its right of indemnity. The question as to the applicability and use of a cross-petition in Nebraska is not a new one, but was discussed at length in Armstrong v. Mayer, 69 Neb. 187, 95 N. W. 51. We there held: "A defendant in an action is not restricted to the counter-claim provided for in sections 100 and 101 of the code (now sections 25-812 and 25-813, R. R. S. 1943), but, in a proper case, may seek affirmative relief, either against the plaintiff or against codefendants, by cross-petition.

"The basis of the right to bring such a cross-suit is to be found in sections 1 and 429 of the code (now sections 25-2218 and 25-1302, R. R. S. 1943), and in the consideration that in cases where the code is silent, remedies furnished by the old common law or equity practice, not inconsistent with its provisions, may be resorted to in order to prevent failure of justice.

"A cross-petition is maintainable either to aid in the defense of the original suit, where affirmative equitable relief is required to make such defense effective, or to obtain a complete adjudication of the controversies between the original complainant and the cross-complainant over the subject matter of the original suit."

Commercial argues that although a cross-petition against a codefendant has been allowed in equitable proceedings, it is not available in a law action. To meet this argument, Western relies on the implications inherent in section 25-1302, R. R. S. 1943, as well as on section 2 of our Code of Civil Procedure, section 25-101, R. R. S. 1943, which provides: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished; and in their place there shall be hereafter but one form of action, which shall be called a civil action."

It is true that the mode of procedure to afford the relief set out by section 25-1302, R. R. S. 1943, is not

pointed out by our statutes, and the authority given is one previously possessed only by courts of chancery. There is no question that procedures exercised by courts of chancery, although not mentioned in the statute, have for years been permitted in Nebraska in equitable proceedings. To come this far, this court resorted to the rules of pleading and practice of those courts as modified by the spirit of the code to achieve this result. In the same vein, we do not agree that cross-petitions are limited to strictly equitable actions.

In Armstrong v. Mayer, 69 Neb. 187, 95 N. W. 51, we said: "We are inclined to the opinion * * * that the rules of the chancery practice * * * are so far enlarged, under the code, that, although a cross-petition is more than merely defensive, and seeks affirmative relief beyond the purposes of defense, such relief need not be equitable nor need the cross-petition be based on equitable grounds."

We also call attention to Burks v. Packer, 143 Neb. 373, 9 N. W. 2d 471, which was a malpractice action against a physician in which the defendant had made the compensation carrier a party for the purpose of subrogation, as provided by the Nebraska Workmen's Compensation Act. The compensation carrier filed a cross-petition setting out the payment of a lump sum settlement and claiming subrogation to the extent of the payment. The plaintiff subsequently settled with the doctor and dismissed her action, and the case went to trial on the cross-petition against the doctor. The trial court, at the conclusion of the compensation carrier's evidence, sustained a motion to dismiss. We reversed the judgment of the trial court, and directed the entry of a judgment on the cross-petition, on the principle of equitable subrogation.

If we are to accept the true spirit of the reformed procedure intended by the code, then it is the substance of the action rather than the form of it which will determine the availability of the relief. The criterion

to be applied is that the issues raised by the cross-bill must be so closely connected with the cause of action in the original suit that a cross-claim is a mere auxiliary or dependency upon the original action. The new issues which a defendant may introduce by cross-claim are to be limited to such as it is necessary for the court to have before it in deciding the questions raised in the original suit in order to do complete justice to all parties with respect to the cause of action on which the plaintiff bases his claim for relief. If a defendant in filing a cross-bill attempts to go beyond this and to introduce new and distinct matter not essential to the proper determination of the issue put in litigation by the original bill, although he may show a perfect case against either the plaintiff or one or more of his co-defendants, his pleading will not be permitted as a cross-bill. New and distinct matter not maintainable under the provisions of the code as a counterclaim and not involved in a proper determination of the subject matter of the original suit must be litigated in a separate action.

It is important to note that the cross-petition of Western is one for indemnity against the plaintiff's employer, its codefendant. The claim for indemnity implies a primary or basic liability in the employer as between the defendants. The Nebraska Workmen's Compensation Act prevents any consideration by the plaintiff of actionable negligence, if any, of the employer Commercial. Even if there is actionable negligence on the part of Commercial, plaintiff does not have a tort action against it, but is relegated to the contractual rights provided by statute.

The present action is a common law action in tort against Western, with Commercial joined solely to comply with the statute to protect any rights of subrogation. If the plaintiff was not bound by the provisions of the compensation act and the negligence of both defendants concurred to cause his injury, he could elect

to sue one or both and there is no method by which he could be deprived of this right. To permit the filing of the cross-petition not only complicates the plaintiff's action and tends to obscure its merits in a quarrel between the codefendants in which he can have no part, but involves him in a cross-action to which he cannot be a party.

Even under the chancery practice, it was held that the cross-suit must be germane to the original suit and the new issues which a defendant could introduce by a cross-bill were limited to such as it was necessary for the court to have before it in deciding the question raised in the original suit.

As we said in Armstrong v. Mayer, 69 Neb. 187, 95 N. W. 51: "We see no reason to doubt that the matters set up in the cross-petition must be germane to the original suit under the code, quite as much as under the chancery practice." We see no reason to deviate from this rule.

It cannot be said that the matters set up in the cross-petition, which in no way involve the plaintiff but are limited to the question of indemnity in the event of a recovery, can be germane to the original suit. Actually, before there can be indemnity there must be the establishment of liability, a recovery, and payment. This would mean that the plaintiff must recover a judgment against Western herein which Western must pay before it is entitled to indemnity from Commercial, if it can prove such right to indemnity.

For the reasons given, the dismissal of Western's cross-petition without prejudice was proper and the judgment is affirmed.

AFFIRMED.